


IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: | ) Chapter 11 |
| | ) Case No. 03-10945 (MFW) |
| Fleming Companies, Inc., et al., | ) |
| | ) (Jointly Administered) |
|        Debtors | ) |
| | ) |
| PCT, | ) |
| | ) |
|        Plaintiff, | ) Adversary Proceeding No. 05-77317 (PBL) |
| | ) |
| v. | ) |
| | ) |
| WD-40 Company, | ) |
| | ) Re: Docket Nos. 10 and 11 |
|        Defendant. | ) |

**CERTIFICATION OF COUNSEL RE: MOTION FOR DETERMINATION OF CORE/NON-CORE STATUS [Docket No. 10] AND MOTION TO WITHDRAW THE REFERENCE [Docket No. 11]**

The undersigned counsel hereby certifies as follows:

1.     On April 22, 2005, the above-referenced defendant (the "Defendant") filed the (i) Motion for Determination of Core/Non-Core Status and the (ii) Motion to Withdraw the Reference [Docket No. 11] (collectively, the "Motions"). A copy of the Motions are attached hereto as Exhibits A and B respectively.

2.     On May 17, 2005, the parties entered into the Amended Stipulated Briefing Schedule whereby plaintiff (the "Plaintiff") was required to submit its response, if any, to the Motion on or before June 8, 2005. On June 8, 2005, the Court granted the Stipulated Briefing Schedule noting that no further extensions would be granted [Docket No. 24].

3.     To date, no responses or objections to the Motions have been filed. Accordingly, these matters are ripe for consideration.

WHEREFORE, the undersigned counsel requests that the Court enter orders substantially in the form attached hereto as Exhibits C and D granting the Motions at its earliest convenience.

Dated: June 21, 2005

SMITH, KATZENSTEIN & FURLOW LLP

_____
Kathleen M. Miller (I.D. No. 2898)
Etta R. Wolfe (I.D. No. 4164)
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)
Phone: (302) 652-8400
Fax: (302) 652-8405
E-mail: Kmiller@skfdelaware.com
         erw@skfdelaware.com

**Attorneys for WD-40 Company**

EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | Case No. 03-10945 (MFW) |
| Fleming Companies, Inc., et al., | ) | |
| | ) | (Jointly Administered) |
| Debtors | ) | |
| _____ | ) | |
| | ) | |
| PCT, | ) | Adversary Proceeding No. 05-77317 (PBL) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WD-40 Company, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**WD-40 COMPANY'S MOTION FOR A DETERMINATION**
**OF CORE/NON-CORE STATUS**

Pursuant to Local Rule of Bankruptcy Procedure 5011-1, WD-40 Company ("WD-40"), by and through counsel, files this Motion for Determination of Core/Non-Core Status[1], seeking a determination that the above-captioned matter is, in part, a core proceeding and in part, a non-core proceeding.

1.  Plaintiff filed several actions, including this one, seeking recovery of alleged preferential transfers of property, pursuant to section 547 of the United States Bankruptcy Code (the "Bankruptcy Code"). (*See* Compl. ¶ 8-16). Plaintiff also asserts a claim for breach of contract, fraudulent and unjust enrichment

---

[1] Contemporaneously with the filing of this motion, WD-40 filed an answer to the complaint, demanding a jury trial and a Motion to Withdraw the Reference.

2. In the Complaint, Plaintiff alleges that this is a core proceeding. (*See* Compl. ¶ 4. In its Answer, WD-40 has admitted that adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) only to the extent that the Plaintiff seeks recovery under 11 U.S.C. §§ 542, 547, 548, 549 and 550, or disallowance under 11 U.S.C. § 502(d). However, Defendant denies that the breach of contract claim in Count 4, the unjust enrichment claim in Count 8, and the fraudulent transfer claims in Counts 2 and 5 (to the extent that they rely on state law) are core proceedings.

3. Pursuant to section 157(b)(2)(F), a core proceeding includes "proceedings to determine, avoid, or recover preference." 28 U.S.C. § 157(b)(2)(F). Under section 157(b)(2)(H), a proceeding to recover a fraudulent conveyance is a core proceeding. Accordingly, to the extent that plaintiff alleges a preference claim and a fraudulent conveyance claim, those claims are core.

4. However, Plaintiff has also alleged state law breach of contract and state law fraudulent conveyance claims, which do not "arise under" or "arise in" title 11. Accordingly, these claims are non-core.

WHEREFORE, WD-40 prays for an order determining the core/non-core status of this proceeding, and for all other relief this Court deems just and proper.

Dated: April 22, 2005

SMITH, KATZENSTEIN & FURLOW LLP

/s/ Kathleen M. Miller
Kathleen M. Miller (ID No. 2898)
800 Delaware Avenue, 7th Floor
Email: kmiller@skfdelaware.com

Of Counsel:
Foley & Lardner, LLP
Keith C. Owens, Cal Bar. No. 184841
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: 310.277.2223
Facsimile: 310 557.8475

P.O. Box 410
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-8400
Telecopy: 302-652-8405

Attorneys for WD-40 Company

# File a Motion:
05-77317-PBL PCT v. WD-40 Company

## U.S. Bankruptcy Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Miller, Kathleen M. entered on 4/22/2005 at 5:30 PM EDT and filed on 4/22/2005
**Case Name:**     PCT v. WD-40 Company
**Case Number:**   05-77317-PBL
**Document Number:** 10

**Docket Text:**
Motion to Determine /*WD-40 Company's Motion for a Determination of Core/Non-Core Status* Filed by WD-40 Company. (Miller, Kathleen)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\ScannedDocs\WD40CoreMotionFleming.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=4/22/2005] [FileNumber=3704495-0]
[0eb4c276b08974c4427499e33ec3641080b503ed5062b22d88334f28bd6540ad6718
3492b4d0eca8fe3a2dbe813eee97a76a28f17d9f53041c53df1ef1ffca99]]

**05-77317-PBL Notice will be electronically mailed to:**

David M. Fournier    flbank@pepperlaw.com

Kathleen M. Miller    kmiller@skfdelaware.com, mcm@skfdelaware.com

**05-77317-PBL Notice will not be electronically mailed to:**

EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: ) | Chapter 11 |
| ) | Case No. 03-10945 (MFW) |
| Fleming Companies, Inc., et al., ) | |
| ) | (Jointly Administered) |
| Debtors ) | |
| ) | |
| _____ ) | |
| ) | |
| PCT, ) | Adversary Proceeding No. 05-77317 (PBL) |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| WD-40 Company, ) | |
| ) | |
| Defendant. ) | |

## WD-40 COMPANY'S MOTION TO WITHDRAW
## THE REFERENCE TO THE BANKRUPTCY COURT

Pursuant to 28 U.S.C. § 157(d), WD-40 Company ("WD-40"), by and through counsel, files this Motion to Withdraw the Reference to the Bankruptcy Court, seeking an order to withdraw the order of reference to the United States Bankruptcy Court for the District of Delaware, and states as follows:

**The Parties and Procedural Background**

1. The Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on April 1, 2003 (the "Petition Date").

2. On July 27, 2004, the Court confirmed the Debtors' and Official Committee of Unsecured Creditors' Third Amended and Revised Joint Plan of Reorganization of Fleming Companies, Inc. and its Filing Subsidiaries under Chapter 11 of the United States Bankruptcy Code.

3.  On March 24, 2005, Plaintiff filed this action seeking to recover over $1 million dollars. Among other causes of action, plaintiff asserted a preference claim under section 547 of the Bankruptcy Code. Plaintiff also asserted state law breach of contract action, fraudulent conveyance and unjust enrichment claims, which are non-core claims.

4.  Pursuant to the District Court's standing order dated September 6, 2001, the automatic reference of Chapter 11 cases was reinstated. Accordingly, this action was automatically referred to the Bankruptcy Court.

5.  Prior to the Petition Date, WD-40 sold certain products to the Debtor.

6.  WD-40 has not filed a claim against any of the Debtors.

7.  On April 22, 2005, WD-40 filed an answer to the complaint, in which it demanded a trial by jury.

8.  Also on April 22, 2005, WD-40 filed a Motion for a Determination of Core/Non-Core Status, pursuant to Local Rule 5011-1.

**WD-40 has a Right to a Jury Trial**

9.  The Seventh Amendment provides, in part: "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII. "Suits at common law" has been interpreted to mean actions involving legal rights. *Billing v. Ravin, Greenberg & Zackin, P.A.*, 22 F.3d 1242, 1245 (3rd Cir. 1994)(*citing, Granfinanciera, S.A. v. Norberg*, 492 U.S. 33, 41 (1989)). There is no right to a jury trial on equitable claims. *Id.* A preference action is a legal action to which the right of a jury trial attaches. *Langenkamp v. Culp*, 498 U.S. 42, 45 (1991)("...the trustee can recover allegedly preferential transfers only by filing what amounts to a legal action to recover a monetary transfer."). Therefore, there can be no question that the right to a jury trial is preserved in this preference action. *NDEP Corp. v. HANDL-IT, Inc.*, 203 B.R. 905, 908-09 (D.Del. 1996). Additionally, there can be no dispute that the right to a jury trial attaches to a breach of contract claim. Moreover, WD-40 has not waived its right to a jury trial by submitting a claim against the estate.

*See, Billing*, 22 F.3d at 1247-48; *Travellers International, A.G. v. Robinson*, 982 F.2d 96, 98-99 (3rd Cir. 1992); *Goldin v. K-Swiss, Inc.*, 2002 WL 550035 (Bankr. D. Del.).

### The Reference Should Be Withdrawn

10. Section 157(d) provides, in relevant part, "The district court may withdraw, in whole or in part, any case or proceeding referred under this section...on a timely motion of any party, for cause shown." 28 U.S.C. § 157(d).

11. The statute does not define "a timely motion." However, courts have held that the motion should be filed at the first reasonable opportunity, taking into consideration the circumstances of the proceeding. *Schlein v. Golub*, 188 B.R. 13, 14-15 (E.D.Pa 1995). Here, the motion is being filed in less than 4 weeks after the filing of the complaint and contemporaneously with the filing of the answer. Thus, the motion has been timely filed. *See, NDEP Corp.*, 203 B.R. at 907 (motion filed eleven weeks after the complaint was filed was considered timely).

12. The statute also does not explain "cause." Courts, however, have set out some standards to consider when determining whether "cause" exists. *Id.* at 907-08. One such factor is whether a party has requested a jury trial. *Id.* at 908. Most courts that have been presented with a motion to withdraw the reference, where a jury demand has been made (and not been waived) have held that the demand constitutes sufficient cause for withdrawal of the reference. *See, K-Swiss*, at *2 (the trustee "correctly asserts that most courts have held that the right to a jury trial constitutes sufficient cause for withdrawal of the reference"). Thus, here, as in *K-Swiss*, "cause" exists for the withdraw of the reference and the motion should be granted.

13. Section 157(e) provides:

> If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such

jurisdiction by the district court and with the express consent of all the parties.

28 U.S.C. § 157(e). WD-40 does not consent to a jury trial in the bankruptcy court and therefore requests that the reference be withdrawn.

WHEREFORE, WD-40 prays for an order withdrawing the reference, and for all other relief this Court deems just and proper.

Dated: April 22, 2005                                SMITH, KATZENSTEIN & FURLOW LLP

/s/ Kathleen M. Miller
Kathleen M. Miller (ID No. 2898)
800 Delaware Avenue, 7th Floor
Email: kmiller@skfdelaware.com
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-8400
Telecopy: 302-652-8405

Of Counsel:
Foley & Lardner, LLP
Keith C. Owens, Cal Bar. No. 184841
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: 310.277.2223
Facsimile: 310 557.8475

Attorneys for WD-40 Company

{10002036.DOC}                                4

# File a Motion:

05-77317-PBL PCT v. WD-40 Company

## U.S. Bankruptcy Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Miller, Kathleen M. entered on 4/22/2005 at 5:33 PM EDT and filed on 4/22/2005
**Case Name:**  PCT v. WD-40 Company
**Case Number:**  05-77317-PBL
**Document Number:** 11

**Docket Text:**
Motion for Withdrawal of Reference /*WD-40 Company's Motion to Withdraw the Reference to the Bankruptcy Court*. Fee Amount $150. Filed by WD-40 Company. (Miller, Kathleen)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\ScannedDocs\WD40ReferenceMotionFleming.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=4/22/2005] [FileNumber=3704546-0]
[99dcaa28181f057c441b94fe0168d83b42ccb5af4c264b32a8cea0533bcdbeb5e90a
b8f418bc9e99314be317e5243ee9bcb68cdded6f3662839e577befc9e50b]]

**05-77317-PBL Notice will be electronically mailed to:**

David M. Fournier    flbank@pepperlaw.com

Kathleen M. Miller    kmiller@skfdelaware.com, mcm@skfdelaware.com

**05-77317-PBL Notice will not be electronically mailed to:**

EXHIBIT C

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | Case No. 03-10945 (MFW) |
| Fleming Companies, Inc., et al., | ) | |
| | ) | (Jointly Administered) |
| Debtors | ) | |
| | ) | |
| PCT, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding No. 05-77317 (PBL) |
| | ) | |
| v. | ) | |
| | ) | |
| WD-40 Company, | ) | |
| | ) | Re: Docket No. 10 |
| Defendant. | ) | |

**ORDER GRANTING MOTION FOR
DETERMINATION OF CORE/NON-CORE STATUS [Re: Docket No. 10]**

Upon consideration of the above-referenced defendant's (the "Defendant") Motion for Determination of Core/Non-Core Status [Docket No. 10] (the "Determination Motion"), the Court finding that due and sufficient notice having been given, and good cause having been shown therefor, it is hereby ORDERED, ADJUDGED AND DECREED that:

1. Terms not otherwise defined herein shall have the meanings ascribed to such terms in the Determination Motion.

2. The Determination Motion is GRANTED.

3. The breach of contract claim in Count 4, the unjust enrichment claim in Count 8, and the fraudulent transfer claims in Counts 2 and 5 (to the extent they rely on state law) are non-core proceedings. All other counts of the Complaint are core proceedings.

Dated: _____          _____
                                                                    Judge

10003977.WPD

EXHIBIT D

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: | ) Chapter 11 |
| | ) Case No. 03-10945 (MFW) |
| Fleming Companies, Inc., et al., | ) |
| | ) (Jointly Administered) |
| Debtors | ) |
| | ) |
| PCT, | ) |
| | ) |
| Plaintiff, | ) Adversary Proceeding No. 05-77317 (PBL) |
| | ) |
| v. | ) |
| | ) |
| WD-40 Company, | ) |
| | ) Re: Docket No. 11 |
| Defendant. | ) |

**ORDER AND RECOMMENDATION RE: MOTION TO WITHDRAW THE REFERENCE TO THE BANKRUPTCY COURT [Re: Docket No. 11]**[1]

Upon consideration of the above-referenced defendant's (the "Defendant") Motion to Withdraw the Reference to the Bankruptcy Court [Docket No. 11] (the "Withdraw Motion"), the Court finding that due and sufficient notice having been given, and good cause having been shown therefor, it is HEREBY

1.  ORDERED that the Clerk shall forthwith transmit the Withdraw Motion to the District Court.

2.  RECOMMENDED that the District Court grant the Withdraw Motion.

Dated: _____     _____
                            Judge

---

[1]   Terms not otherwise defined herein shall have the meanings ascribed to such terms in the Withdraw Motion.

10003977.WPD

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **21st** day of **June, 2005**, a copy of the foregoing *WD-40 Company's Certification of Counsel re: Determination of Core/Non-Core Status and Motion to Withdraw the Reference* was served on the following parties by facsimile:

F. Wade Ackerman
Kirkland & Ellis
777 S. Figueroa Street
Suite 3400
Los Angeles, CA 90017
(213) 680-8500

David Fournier
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899
(302) 421-8390

Etta R. Wolfe (ID No. 4164)

{10003992.DOC}