IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re:<br><br>Fleming Companies, Inc., et al.,<br><br>　　　　Debtors<br>_____<br><br>PCT,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WD-40 Company,<br><br>　　　　Defendant. | ) Chapter 11<br>) Case No. 03-10945 (MFW)<br>)<br>) (Jointly Administered)<br>)<br>)<br>)<br>)<br>)<br>) Adversary Proceeding No. 05-77317 (PBL)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### WD-40 COMPANY'S MOTION TO WITHDRAW
### THE REFERENCE TO THE BANKRUPTCY COURT

Pursuant to 28 U.S.C. § 157(d), WD-40 Company ("WD-40"), by and through counsel, files this Motion to Withdraw the Reference to the Bankruptcy Court, seeking an order to withdraw the order of reference to the United States Bankruptcy Court for the District of Delaware, and states as follows:

**The Parties and Procedural Background**

　　1.　　The Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on April 1, 2003 (the "Petition Date").

　　2.　　On July 27, 2004, the Court confirmed the Debtors' and Official Committee of Unsecured Creditors' Third Amended and Revised Joint Plan of Reorganization of Fleming Companies, Inc. and its Filing Subsidiaries under Chapter 11 of the United States Bankruptcy Code.

3.  On March 24, 2005, Plaintiff filed this action seeking to recover over $1 million dollars. Among other causes of action, plaintiff asserted a preference claim under section 547 of the Bankruptcy Code. Plaintiff also asserted state law breach of contract action, fraudulent conveyance and unjust enrichment claims, which are non-core claims.

4.  Pursuant to the District Court's standing order dated September 6, 2001, the automatic reference of Chapter 11 cases was reinstated. Accordingly, this action was automatically referred to the Bankruptcy Court.

5.  Prior to the Petition Date, WD-40 sold certain products to the Debtor.

6.  WD-40 has not filed a claim against any of the Debtors.

7.  On April 22, 2005, WD-40 filed an answer to the complaint, in which it demanded a trial by jury.

8.  Also on April 22, 2005, WD-40 filed a Motion for a Determination of Core/Non-Core Status, pursuant to Local Rule 5011-1.

### WD-40 has a Right to a Jury Trial

9.  The Seventh Amendment provides, in part: "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII. "Suits at common law" has been interpreted to mean actions involving legal rights. *Billing v. Ravin, Greenberg & Zackin, P.A.*, 22 F.3d 1242, 1245 (3rd Cir. 1994)(citing, *Granfinanciera, S.A. v. Norberg*, 492 U.S. 33, 41 (1989)). There is no right to a jury trial on equitable claims. *Id.* A preference action is a legal action to which the right of a jury trial attaches. *Langenkamp v. Culp*, 498 U.S. 42, 45 (1991)("...the trustee can recover allegedly preferential transfers only by filing what amounts to a legal action to recover a monetary transfer."). Therefore, there can be no question that the right to a jury trial is preserved in this preference action. *NDEP Corp. v. HANDL-IT, Inc.*, 203 B.R. 905, 908-09 (D.Del. 1996). Additionally, there can be no dispute that the right to a jury trial attaches to a breach of contract claim. Moreover, WD-40 has not waived its right to a jury trial by submitting a claim against the estate.

*See, Billing*, 22 F.3d at 1247-48; *Travellers International, A.G. v. Robinson*, 982 F.2d 96, 98-99 (3rd Cir. 1992); *Goldin v. K-Swiss, Inc.*, 2002 WL 550035 (Bankr. D. Del.).

### The Reference Should Be Withdrawn

10. Section 157(d) provides, in relevant part, "The district court may withdraw, in whole or in part, any case or proceeding referred under this section...on a timely motion of any party, for cause shown." 28 U.S.C. § 157(d).

11. The statute does not define "a timely motion." However, courts have held that the motion should be filed at the first reasonable opportunity, taking into consideration the circumstances of the proceeding. *Schlein v. Golub*, 188 B.R. 13, 14-15 (E.D.Pa 1995). Here, the motion is being filed in less than 4 weeks after the filing of the complaint and contemporaneously with the filing of the answer. Thus, the motion has been timely filed. *See, NDEP Corp.*, 203 B.R. at 907 (motion filed eleven weeks after the complaint was filed was considered timely).

12. The statute also does not explain "cause." Courts, however, have set out some standards to consider when determining whether "cause" exists. *Id.* at 907-08. One such factor is whether a party has requested a jury trial. *Id.* at 908. Most courts that have been presented with a motion to withdraw the reference, where a jury demand has been made (and not been waived) have held that the demand constitutes sufficient cause for withdrawal of the reference. *See, K-Swiss*, at *2 (the trustee "correctly asserts that most courts have held that the right to a jury trial constitutes sufficient cause for withdrawal of the reference"). Thus, here, as in *K-Swiss*, "cause" exists for the withdraw of the reference and the motion should be granted.

13. Section 157(e) provides:

> If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such

> jurisdiction by the district court and with the express consent of all the parties.

28 U.S.C. § 157(e). WD-40 does not consent to a jury trial in the bankruptcy court and therefore requests that the reference be withdrawn.

WHEREFORE, WD-40 prays for an order withdrawing the reference, and for all other relief this Court deems just and proper.

Dated: April 22, 2005                    SMITH, KATZENSTEIN & FURLOW LLP

/s/ Kathleen M. Miller
Kathleen M. Miller (ID No. 2898)
800 Delaware Avenue, 7th Floor
Email: kmiller@skfdelaware.com
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-8400
Telecopy: 302-652-8405

Of Counsel:
Foley & Lardner, LLP
Keith C. Owens, Cal Bar. No. 184841
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: 310.277.2223
Facsimile: 310 557.8475

Attorneys for WD-40 Company

{10002036.DOC}                           4