IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>FLEMING COMPANIES, INC., ET AL.,<br><br>    DEBTORS | CHAPTER 11<br>BK NO. 03-10945 (MFW)<br>ADVERSARY PROCEEDING NO. 05-77317 |
| PCT,<br><br>    PLAINTIFF,<br><br>V.<br><br>WD-40 COMPANY,<br><br>    DEFENDANT. | CIV. NO. 05-455-SLR |

## ORDER

At Wilmington this ___30th___ day of ___August___, 2005, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2 (a) and (b).

IT IS ORDERED that:

1. Pre-Discovery Disclosures. The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2.  Discovery.

   a.  Discovery will be needed on the following subjects: (i) the Debtor's payments to Defendant; (ii) the Debtor's solvency and whether the Debtor's transfers enabled Defendant to receive more than it would have received in a chapter 7 liquidation; (iii) any facts supporting or negating Defendant's affirmative defenses, including, but not limited to, ordinary course of business (11 U.S.C. 547(c)(2)), subsequent new value (11 U.S.C. 547(c)(4)), fraud, setoff and recoupment; (iv) any facts supporting or negating Plaintiff's fraudulent transfer claims asserted under 11 U.S.C. §§ 544(b), 548, or other applicable law; (v) any facts supporting or negating Plaintiff's post-petition transfer claims asserted under 11 U.S.C. § 549; (v) any facts supporting or negating Plaintiff's breach of contract or unjust enrichment claims, and Defendant's defenses thereto; and (vi) any facts related to the Debtor's practice and history of taking deductions (i.e., paying less than the invoice amount). Additionally, the parties reserve their right to inquire into any issue(s) relevant to a party's claims or defenses that may become known during the course of discovery.

   b.  All fact discovery shall be commenced in time to be completed by January 31, 2006, excluding expert depositions.

   c.  Maximum of 25 interrogatories by each party to any other party; additional interrogatories may be propounded by agreement of the parties or leave of court.

   d.  Maximum of 30 requests for admission by each party to any other party, but this limit excludes requests for admission for authentication of documents.

   e.  Maximum of 10 depositions to be taken by the plaintiff and 10 by the defendant, absent agreement of the parties or leave of court.

   f.  Each deposition limited to a maximum of 7 hours unless extended by agreement of parties or leave of court.

  g. Reports from retained experts under Rule 26(a)(2) on issues for which any party has the burden of proof due by February 15, 2006. Rebuttal expert reports due by March 1, 2006. Expert depositions must be completed by March 15, 2006.

  h. Discovery Disputes. Any discovery dispute shall be submitted to the court pursuant to Fed. R. Civ. P. 37. During the course of discovery, each party is limited to two (2) Rule 37 motions. The court shall make itself available, however, to resolve through a telephone conference, disputes that arise during the course of a deposition and disputes related to entry of a protective order.

3. Joinder of other Parties, Amendment of Pleadings, and Class Certification. All motions to join other parties or amend the pleadings shall be filed on or before January 31, 2006.

4. Settlement Conference. Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring the possibility of ADR.

5. Summary Judgment Motions. All summary judgment motions shall be served and filed with an opening brief on or before March 31, 2006. Briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motion may be filed more than ten (10) days from the above date without leave of the court.

6. Applications by Motion. Any application to the court shall be by written motion filed with the clerk. Unless otherwise requested by the court, counsel shall not deliver copies of papers or correspondence to chambers. Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1.

7. Motions in Limine. All motions in limine shall be filed on or before August 23, 2006. All responses to said motions shall be filed on or before August 30, 2006.

8. Pre-trial Conference. A pre-trial conference with be held on Wednesday, September 6, 2006 at 4:30 p.m. in courtroom 6B located at 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pre-trial conference.

{10006075.DOC}015.70
2710.1

9.  Trial. This matter is scheduled for a one week trial commencing on September 18, 2006 in courtroom 6B, located at 844 King Street, Wilmington, Delaware. For purposes of completing pre-trial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
UNITED STATES DISTRICT JUDGE

4